UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CLRG MA LLC,**<br><br>　　　　**Plaintiff,**<br><br>　v.<br><br>**VGW MALTA LTD., and VGW LUCKYLAND, INC.,**<br><br>　　　　**Defendants.** | **Civil Action No.** |

### DEFENDANTS' NOTICE OF REMOVAL

Defendants VGW Luckyland, Inc. ("VGW Luckyland") and VGW Malta Ltd. ("VGW Malta," and together with VGW Luckyland, "Defendants"), by counsel pursuant to 28 U.S.C. §§ 1441 and 1446, hereby specially appear for the purpose of this removal and, preserving all defenses, remove this civil action from the Suffolk County Superior Court of the Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts.

In support of this Notice of Removal, Defendants state as follows:

### I.　　OVERVIEW

1.　On or about July 25, 2023, Plaintiff CLRG MA LLC ("Plaintiff") filed suit against Defendants in the Superior Court of Suffolk County, Massachusetts, Case No. 2384CV01694.

2.　Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit A is a copy of all process, pleadings, and orders filed in the state case to date. Defendants have not been served with the summons and complaint, nor have Defendants filed any responsive pleadings.

3.　This removal is timely because Defendants have filed and served this notice of removal within 30 days after the becoming aware of the state court action, despite that neither Defendant has been served. *See* 28 U.S.C. § 1446(b). The basis for removal is diversity

jurisdiction under 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Defendants specialize in the development and publication of online casino-themed social games. *See* Declaration of Michael Thunder ("Thunder Decl.") ¶ 3. Plaintiff alleges that Defendants' games, including *Luckyland Slots* and *Chumba Casino*, are unlawful gambling in Massachusetts. Ex. A, Compl. ¶¶ 60-68.

5. Plaintiff asserts a claim under M.G.L.A. 137 § 1 to recover for **himself**—and **only himself**—treble the amount spent by **all Massachusetts residents** to purchase "Gold Coins" and "Sweeps Coins" in Defendants' games over the year preceding the filing of Plaintiff's lawsuit on July 25, 2023. *Id.*, Compl. ¶ 60-68 (asserting claim under M.G.L.A. 137 § 1, which grants "any other person" the right to "sue for and recover in tort treble the value" of a losing gambler's losses where the losing gambler has not filed suit to recover his losses "within three months after such loss"); *id.*, Compl. ¶ 65 ("Plaintiff is entitled to recover the losses or damages suffered by Massachusetts residents from the gambling operations conducted by Defendants when Massachusetts residents purchased coins or expended money to obtain coins (GC or SC) to wager at Defendants' games."); *see also Donovan v. E. Racing Ass'n*, 324 Mass. 393, 394 (1949) ("The action given to a third person [under M.G.L.A. 137 § 1] must be commenced within one year.").

6. The total amount spent by Massachusetts residents to purchase Gold Coins in Defendants' games from July 25, 2022, to July 25, 2023, exceeds $75,000. *See* Thunder Decl. ¶ 13. Therefore, the amount in controversy requirement under 28 U.S.C. § 1332(a) is plainly met here.

7. There is also complete diversity of citizenship between the parties. As discussed below, Plaintiff is a Massachusetts limited liability company ("LLC") that, on information and

belief, has one member, who is a resident of either Massachusetts or Florida. VGW Luckyland is a Delaware company with its principal place of business in Delaware, and VGW Malta is a Maltese limited company with its principal place of business in the Republic of Malta.

8. Notwithstanding that they have yet to be served, Defendants specially appear solely for the purpose of removing the state court action to this Court and reserve all defenses, including the defenses of insufficient service of process and lack of personal jurisdiction.

9. Pursuant to Local Rule 81.1, Defendants will file certified or attested copies of all records and proceedings and docket entries in the state court with this Court within 28 days of the filing of this Notice.

10. A copy of this Notice of Removal will be filed with the Suffolk County Superior Court, and a copy will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d).

## II. JURISDICTION AND VENUE

11. By removing the state court action to this Court, Defendants do not consent to this Court's exercise of personal jurisdiction over them in this litigation and reserve the right to move for dismissal on that and any other grounds available to them. *See Garden Homes, Inc. v. Mason*, 238 F.2d 651, 653 (1st Cir. 1956) (defense of insufficient service of process and lack of personal jurisdiction not waived upon removal); *cf. Egan v. Tenet Health Care*, 193 F. Supp. 3d 73, 79 (D. Mass. 2016) (granting defendant's motion to dismiss for insufficient service of process that was filed two months after defendant removed the case).

12. Subject matter jurisdiction is based on the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), which provides the Court with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states" or citizens of a state and a foreign state.

13. Venue is proper in the District of Massachusetts, Eastern Division, because the state court action was filed in the Superior Court of Suffolk County. Thus, this Court is the "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, VGW Malta expressly reserves its right to seek dismissal of the claims against it on the ground of *forum non conveniens*, including dismissal based on the forum selection provision in its terms of service. *See Lambert v. Kysar*, 983 F.2d 1110, 1113 n.2 (1st Cir. 1993) ("It is well settled that the filing of a removal petition in a diversity action, without more, does not waive the right to object in federal court to the state court venue.").

### III. GROUNDS FOR REMOVAL

14. Removal of this case is proper under 28 U.S.C. §§ 1441(a), 1441(b), and 1332(a). Together, these statutes allow for the removal of any civil action between "citizens of different states" or between citizens of a state and a foreign country where the amount in controversy exceeds $75,000, provided that no defendant "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). All requirements are met in this case.

#### A. Complete Diversity Exists between Plaintiff and Defendants

15. For purposes of diversity jurisdiction, a corporation is a citizen of every state and foreign state in which it is incorporated and the one state or foreign state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). The citizenship of an LLC "is determined by the citizenship of all of its members." *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125 (1st Cir. 2011). Foreign limited companies that are the functional equivalent of a U.S. corporation "are treated as corporations for the purposes of diversity subject-matter jurisdiction." *See Banks v. Saba*, 2021 WL 4342098, at *9 (D. Mass. 2021); *Century Metal Recycling, Pvt. Ltd. v. Dacon Logistics, LLC*, 2013 WL 5929816, at *3 (D. Conn. 2013); *VistaJet Limited v. Paragon Jets LLC*, 2022 WL

431431, at *3 n.1 (E.D.N.Y. 2022) (treating Maltese limited company as foreign corporation for purposes of diversity jurisdiction). Foreign limited companies that are the functional equivalent of a U.S. LLC are treated as LLCs for the purposes of diversity jurisdiction. *See Century Metal Recycling, Pvt. Ltd.*, 2013 WL 5929816, at *3.

16. Plaintiff is a Massachusetts LLC that, on information and belief, has a single member (Dennis Kwon), who is a citizen of either Massachusetts or Florida. Ex. A, Compl. ¶¶ 14, 61–63; *see also id.*, Ex. B (CLRG MA LLC Certification of Organization); *id.*, Ex. C (Dennis Kwon Golf LLC Articles of Incorporation). Thus, for purposes of diversity jurisdiction, Plaintiff is a citizen of either Massachusetts or Florida. *See D.B. Zwirn*, 661 F.3d at 125.

17. VGW Luckyland is a Delaware corporation with its principal place of business in Delaware. *See* Thunder Decl. ¶ 5. Thus, for the purposes of diversity jurisdiction, VGW Luckyland is a citizen of Delaware. 28 U.S.C. § 1332(c)(1).

18. VGW Malta is a Maltese limited company, organized under the laws of Malta, with its principal place of business in Malta. *See* Thunder Decl. ¶ 6. If, for purposes of diversity jurisdiction, VGW Malta were considered a foreign corporation, then VGW Malta is a citizen of Malta. 28 U.S.C. § 1332(c)(1); *see Banks*, 2021 WL 4342098, at *9; *VistaJet Limited*, 2022 WL 431431, at *3 n.1.

19. If, however, VGW Malta were considered a foreign LLC for purposes of diversity jurisdiction and its citizenship were to be determined by the citizenship of each of its members, it would be a citizen of Australia, as depicted and explained below:



*Note: arrow points to entity's member(s).*

20. Defendant VGW Malta has two members: VGW Malta Holding Limited (a Maltese limited company) and VGW Corporation Pty. Ltd. (an Australian proprietary limited company). *See* Thunder Decl. ¶ 6.

21. VGW Malta Holding Limited is a Maltese limited company, organized under the laws of Malta, with its principal place of business in Malta. It has two members: VGW Corporation Pty. Ltd. (the Australian proprietary limited company) and VGW Holdings Limited (an Australian public company). *See* Thunder Decl. ¶ 7.

22. VGW Corporation Pty. Ltd. is an Australian proprietary limited company, organized under the laws of Australia, with its principal place of business in Australia.[1] It has one member: VGW Holdings Limited (the Australian public company). *See* Thunder Decl. ¶ 8.

23. Finally, VGW Holdings Limited is an Australian limited company, organized under the laws of Australia, incorporated in Australia, with its principal place of business in Australia. *See* Thunder Decl. ¶ 2. VGW Holdings Limited is a public company.[2] *See id.* Thus, for the purposes of diversity jurisdiction, VGW Holdings Limited is an Australian citizen. *See Banks*, 2021 WL 4342098, at *9 (D. Mass. 2021).

---

[1] An Australian proprietary limited company is the functional equivalent of a U.S. LLC for diversity purposes.
[2] An Australian limited company is the functional equivalent of a U.S. corporation for diversity purposes.

24.     Because Defendant VGW Malta, if treated as a foreign LLC, takes on the citizenship of its members (VGW Malta Holding Limited and VGW Corporation Pty. Ltd.), which, in turn, each take on the citizenship of its members (ultimately, VGW Holdings Limited), VGW Malta, if treated as an LLC, would be an Australian citizen for the purposes of diversity jurisdiction.  *See Century Metal Recycling, Pvt. Ltd.*, 2013 WL 5929816, at *3.

25.     Accordingly, regardless of whether Plaintiff is a citizen of Massachusetts or Florida, and whether VGW Malta is a Maltese or Australian citizen, complete diversity exists here because no plaintiff and no defendant are citizens of the same state.  Removal is therefore proper pursuant to 28 U.S.C. §§ 1441 and 1332(a).

### B.     The Amount in Controversy Exceeds $75,000

26.     The "amount in controversy" element requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).

27.     In determining whether the amount of controversy requirement is satisfied, a plaintiff's "general allegation of damages that meet the amount requirement suffices unless questioned by the opposing party or the court."  *Stewart v. Tupperware Corp.*, 356 F.3d 335, 338 (1st Cir. 2004).  When "the opposing party questions the damages allegation, . . . the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount."  *Id.*  To meet its burden, the removing defendant may present additional evidence to establish that it is not a legal certainty that the amount in controversy does not exceed $75,000.  *See Barbosa v. Wells Fargo Bank, N.A.*, 2013 WL 4056180, at *3 (D. Mass. 2013) ("Since the jurisdictional amount is not facially apparent from the petition, the Court must 'look to the notice of removal and any other materials submitted by [defendant]' to determine if [defendant] has satisfied its burden.").

28. Here, Plaintiff alleges in the state court complaint that "the damages sought by Plaintiff far exceed $50,000" (Ex. A, Compl. ¶ 11), and, in fact, that the amount at issue is likely "multi millions of dollars" (*id.*, Compl. ¶ 10). Plaintiff asserts a claim under M.G.L.A. 137 § 1 to recover for *himself*—and *only himself*— treble the amount allegedly spent by *all Massachusetts residents* to purchase "Gold Coins" and "Sweeps Coins" when playing Defendants' games over the year preceding the filing of Plaintiff's lawsuit on July 25, 2023. *Id.*, Compl. ¶ 60-68 (asserting claim under M.G.L.A. 137 § 1, which grants "any other person" the right to "sue for and recover in tort treble the value" of a losing gambler's losses where the losing gambler has not filed suit to recover his losses "within three months after such loss"); *id.*, Compl. ¶ 65 ("Plaintiff is entitled to recover the losses or damages suffered by Massachusetts residents from the gambling operations conducted by Defendants when Massachusetts residents purchased coins or expended money to obtain coins (GC or SC) to wager at Defendants' games."); *see also Donovan*, 324 Mass. at 394 (limitations period for a third-party recovery claim under M.G.L.A. 137 § 1 is one year).

29. "Sweeps Coins" are not available for purchase at any time. However, the total amount spent by Massachusetts residents to purchase "Gold Coins" in Defendants' games from July 25, 2022, to July 25, 2023, exceeds $75,000. Thunder Decl. ¶ 13. Accordingly, the amount in controversy requirement for removal exceeds $75,000 and is satisfied. 28 U.S.C. § 1332(a).

### IV.  CONCLUSION

30. As set forth above, removal is proper under 28 U.S.C. §§ 1332, 1441, and 1446 as there is complete diversity between the parties and the amount in controversy exceeds $75,000.

31. By removing the state court action to this Court, Defendants reserve and do not waive any and all defenses, objections, or motions available to them under state or federal law, including any defenses under Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants remove this action from the Superior Court of Suffolk County, Massachusetts, to the United States District Court for the District of Massachusetts, Eastern Division. This Notice has been served on all counsel of record on the date and manner stated in the Certificate of Service.

Dated: August 24, 2023

Respectfully Submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Matthew D. LaBrie*
Matthew D. LaBrie (BBO No. 693698)
mlabrie@orrick.com
222 Berkeley Street, Suite #2000
Boston, MA 02116
T:	+1 617 880 1800
F:	+1 617 880 1801

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of August 2023, the foregoing document was served on counsel of record for Plaintiff CLRG MA LLC, listed below, via email and certified mail:

Quinn Heath, Esq.
476 Windsor Street #1
Cambridge, MA 02141
Quinn@MensingGroup.com

*Counsel for CLRG MA LLC*

                                                      */s/ Matthew D. LaBrie*
                                                      Matthew D. LaBrie